JJ:DSS/SA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M-10-1114

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

KEVIN R. ALEXANDER,
also known as "Twin" and
"Ray Alexander,"

Defendant.

- - - - - - - - - - - - - - - - - -X

COMPLAINT

(18 U.S.C. § 922(n))

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL HENRIQUE, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and is assigned as a Task Force Officer to the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") Joint Firearms Task Force, duly appointed according to law and acting as such.

Upon information and belief, (1) on or about September 22, 2010, within the Eastern District of New York, KEVIN R. ALEXANDER, also known as "Twin" and "Ray Alexander," being a person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally receive firearms, to wit a .44 caliber Charter Arms revolver and a .38 caliber RG Industries revolver, which have been shipped or transported in interstate commerce, and (2) on or about September 22, 2010, within the Eastern District of New York, KEVIN R. ALEXANDER, also known as "Twin" and "Ray Alexander," being a fugitive from justice, did knowingly and intentionally possess in and affecting commerce firearms, to wit

a .44 caliber Charter Arms revolver and a .38 caliber RG Industries revolver.

(Title 18, United States Code, Section 922(g)(2) and 922(n))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On June 20, 2001, an arrest warrant was issued by the United States District Court for the District of South Carolina, commanding the arrest of the defendant KEVIN R. ALEXANDER, also known as "Twin" and "Ray Alexander," for conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base, and 5 kilograms or more of cocaine, both schedule II controlled substances, all in violation of Title 21, United States Code, Section 846. The arrest warrant was issued following an indictment returned by a Grand Jury in that district and, pursuant to the indictment, the defendant is subject to a ten year mandatory minimum sentence and a maximum of life in prison.

2. On or about September 22, 2010, Deputy United States Marshals traveled to an apartment in Staten Island, New York, believed to be the defendant's residence.

---

1/ The information set forth below is based upon my personal involvement in this investigation, as well as conversations with other law enforcement officers and my review of records and reports. In addition, because this affidavit is being submitted for the limited purpose of establishing probable cause to charge ALEXANDER, I have not set forth every fact learned during the course of this investigation.

3. After announcing their presence, Deputy Marshals were invited into the apartment by an occupant of the apartment. Once inside, Deputy Marshals observed a black male exiting the residence's sole bedroom. The individual matched the appearance of the defendant as contained in photographs provided by Deputy United States Marshals in South Carolina.

4. In response to questioning, the black male identified himself as the defendant KEVIN R. ALEXANDER, and confirmed also that he answers to the nickname "Twin." ALEXANDER was subsequently placed under arrest and given his Miranda warnings, which he appeared to understand, and waived.

5. In response to further questioning concerning whether there were any illegal items in the apartment, ALEXANDER stated that there was a firearm in the bedroom. ALEXANDER was then escorted into the sole bedroom in the apartment. ALEXANDER stated, in sum and substance, that the bedroom was his and that he had slept in the bed the previous night. ALEXANDER then indicated that the firearm was underneath the bed. Thereafter, Deputy Marshals located a .44 caliber Charter Arms revolver containing six live rounds of ammunition on the floor underneath the bed.

6. Deputy Marshals then obtained written and verbal consent to search the apartment from an occupant of the apartment who stated that she resided in the apartment. Deputy Marshals have also confirmed that the landline telephone in the apartment is subscribed to the individual who provided the consent to

search. Thereafter, an RG Industries .38 caliber revolver was recovered from a plastic bag in a closet in the bedroom. The .38 caliber revolver contained five live rounds of ammunition and one round that had already been fired.

7. After the second firearm was recovered, ALEXANDER stated, in sum and substance, "I forgot to tell you about that, that is my gun." ALEXANDER further stated, in sum and substance, that he had the .44 caliber firearm in his hand when law enforcement agents arrived and he had attempted to hide the firearm underneath the bed. During a subsequent interview, ALEXANDER stated that he had purchased the .44 caliber firearm in Staten Island for $350 and that he had found the .38 caliber firearm behind 65 Holland Avenue in Staten Island. ALEXANDER also admitted that he had fired the .38 caliber firearm on at least one prior occasion.

8. ALEXANDER stated that he was aware that he had been charged with a federal offense in the District of South Carolina and that he had left South Carolina to evade arrest.

9. I am aware that both the .44 caliber Charter Arms revolver and the .38 caliber RG Industries revolver were manufactured outside of the state of New York.

WHEREFORE, it is requested that the defendant KEVIN R. ALEXANDER be dealt with according to law.

MICHAEL HENRIQUEZ
Task Force Officer
ATF Joint Firearms Task Force

Sworn to before me this
23rd day of September, 2010

THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK